UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SUSAN ROUTHIER,

    Complainant,

v.

THE PROVIDENCE HOSPITAL and
PROVIDENCE BEHAVIORAL HEALTH
HOSP.

    Respondent.

DOCKET NO. 05-30095-MAP

## COMPLAINT AND DEMAND FOR A JURY TRIAL

### INTRODUCTION

1. Plaintiff Susan Routhier brings this action for equitable relief and compensatory and punitive damages against the defendants under the Americans with Disabilities Act and Massachusetts General Law 151B for acts of discrimination against her on the basis of her disability.

2. The defendants wrongfully refused to engage in good faith in an interactive process with Ms. Routhier regarding her request for reasonable accommodations in the terms and conditions of her employment, failed to provide Ms. Routhier with reasonable accommodations in the terms and conditions of her employment due to her disability, and discharged Ms. Routhier from her employment with the defendants.

3. Ms. Routhier seeks declaratory and equitable relief designed to assure that the defendants discontinue practices which discriminate against employees with qualifying disabilities.

4. Ms. Routhier also seeks compensation for the grave harm she suffered as a result of the discriminatory actions and omissions of the defendants.

## JURISDICTION and VENUE

5. This suit is brought and jurisdiction lies pursuant to the Americans With Disabilities Act, 42 U.S.C. §§ 12212, as well as 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 28 U.S.C. §§ 2201 and 2202.

6. All conditions precedent to jurisdiction under 42 U.S.C. § 12212, have occurred or been complied with:

    a. A charge of discrimination on the basis of Ms. Routhier's qualifying disability was timely filed with the Massachusetts Commission Against Discrimination ("MCAD") and the Equal Employment Opportunity Commission ("EEOC").

    b. A notification of right to sue was received by Ms. Routhier from the EEOC.

    c. This complaint has been filed within 90 days of receipt of the right to sue notification from the EEOC.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3) insofar as all the discriminatory employment practices alleged in this complaint were committed within the County of Hampden in the Commonwealth of Massachusetts, the plaintiff resides in the County of Hampshire in the Commonwealth of Massachusetts, defendants are Massachusetts corporations and each of the defendants conduct business and have substantial business contacts in the Commonwealth of Massachusetts.

## PARTIES

8. Plaintiff Susan Routhier is a female citizen of the United States and the Commonwealth of Massachusetts who resides in Huntington, Massachusetts.

9. Defendants are Massachusetts corporations with a principal place of business in Holyoke, Massachusetts.

10. Defendants are engaged in an industry affecting commerce and each employ 15 or more employees, and are "employers" within the meaning of 42 U.S.C. § 12111(5).

## STATEMENT OF FACTS

11. At all times relevant to this Complaint, Ms. Routhier suffered from sleep apnea, a chronic sleep disorder in which a person regularly stops breathing during sleep for 10 seconds or longer.

12. Sleep apnea can cause the oxygen in one's blood to drop and may lead to other health problems, and, at all times relevant to this Complaint, Ms. Routhier's sleep apnea substantially limited one or more of her major life activities.

13. Ms. Routhier was diagnosed with sleep apnea around April 2003, and was under the care of a physician, and with the guidance and medical supervision of her physician she was able to manage a full-time work schedule, notwithstanding her disability.

14. Ms. Routhier began work for defendants as a mental health counselor on or around April 12, 2000.

15. At the time that she was terminated from her position with the defendants she was working 40 hours per week, earning $12.98 per hour and received benefits.

16. Ms. Routhier was a qualified mental health counselor who performed well in her position for three and a half years and was able to perform the essential functions of her position.

17. When she was first diagnosed with sleep apnea Ms. Routhier made her supervisor aware of her qualifying disability which supervisor accepted the existence and severity of her disability.

18. On or around the beginning of September of 2003, Ms. Routhier got a new supervisor.

19. After which time, on or around September 19, 2003, Ms. Routhier was suspended by her employer for an incident relating to her sleep apnea.

20. Ms. Routhier again told her employer of her disability and informed them that she had scheduled a "sleep study" for November 11, 2003, the doctor's first available date for such study.

21. On October 30, 2003, Ms. Routhier was terminated from her employment.

22. Ms. Routhier was told that she was terminated for the September 19, 2003 incident and for lateness and absenteeism, including some incidents that occurred over a year prior.

23. These reasons were a pretext.

24. Other similarly situated non-disabled employees engaged in the same conduct for which Ms. Routhier was terminated and were not disciplined or terminated as a result.

25. Ms Routhier requested a number of reasonable accommodations for her sleep apnea including, but not limited to, reinstatement through her union's grievance process.

26. She was not reinstated, nor was she granted any other reasonable accommodation to allow her to continue to perform the essential functions of hr job and the failure and refusal such reasonable accommodation which would have enabled her to continue in her employment constitutes illegal discrimination on the basis of disability, in violation of M.G.L. c. 151B, § 4(16), and the Americans with Disabilities Act, 42 U.S.C. §12112.

27. Ms. Routhier was also treated differently than other similarly situated employees without a qualifying disability.

28. It would not have imposed an undue hardship on defendants to accommodate Ms. Routhier's sleep apnea.

29. Allowing Ms. Routhier to stay in her position would not have imposed an undue hardship on the operation of the business of the defendants.

30. At all times relevant to this Complaint, Ms. Routhier was fully able to perform the essential functions of her job with a reasonable accommodation from defendants.

31. At all times relevant to this Complaint, the defendants failed and refused to engage in good faith in an interactive process with Ms. Routhier in order to determine an appropriate reasonable accommodation.

32. By their actions and omissions, as set forth above, defendants discharged Ms. Routhier from her position based upon her disability.

33. The discriminatory actions and omissions of the defendants were undertaken with reckless indifference to the federally protected rights of Ms. Routhier under the Americans with Disabilities Act and her rights under M.G.L. c. 151B.

### FIRST CLAIM FOR RELIEF: DISCRIMINATION BASED ON DISABILITY IN VIOLATION OF 42 U.S.C. § 12112

34. Plaintiff Ms. Routhier repeats the allegations set forth in paragraphs 1 through 60 above, and incorporates those allegations as if fully set forth herein.

35. The actions and omissions of the defendants constitute unlawful discrimination against Ms. Routhier on the basis of her disability, in violation of the Americans with Disabilities Act, 42 U.S.C. §12112.

36. The discriminatory actions and omissions of the defendants have caused, continue to cause and will cause Ms. Routhier to suffer substantial damages for lost wages and income, the loss of employment benefits, and other pecuniary losses, as well as mental anguish and humiliation, emotional distress, the loss of enjoyment of life, and other nonpecuniary losses.

### FIRST CLAIM FOR RELIEF: DISCRIMINATION BASED ON DISABILITY IN VIOLATION OF M.G.L. c. 151B

37. Plaintiff Ms. Routhier repeats the allegations set forth in paragraphs 1 through 60 above, and incorporates those allegations as if fully set forth herein.

38. The actions and omissions of the defendants constitute unlawful discrimination against Ms. Routhier on the basis of her disability, in violation of the Americans with Disabilities Act, 42 U.S.C. §12112.

39. The discriminatory actions and omissions of the defendants have caused, continue to cause and will cause Ms. Routhier to suffer substantial damages for lost wages and income, the loss of employment benefits, and other pecuniary losses, as well as mental anguish and humiliation, emotional distress, the loss of enjoyment of life, and other nonpecuniary losses.

## PRAYER FOR RELIEF

Plaintiff Susan Routhier prays the Court to grant her the following relief:

1. That the plaintiff be awarded appropriate injunctive relief designed to ensure that the defendants discontinue their discriminatory practices.

2. That the plaintiff be awarded compensatory damages in an amount to be determined at trial in this matter, plus appropriate interest on any such award.

3. That the plaintiff be awarded punitive damages in an amount to be determined at trial in this matter.

4. That the plaintiff be awarded reasonable attorney's fees, together with litigation expenses and costs of suit.

5. That the plaintiff be awarded such other relief as the Court deems just and proper.

## DEMAND FOR JURY

Plaintiff Susan Routhier demands trial by jury on all triable issues.

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Susan Routhier

### DEFENDANTS
Providence Hospital
Providence Hosp. Behavioral Health

(b) County of Residence of First Listed Plaintiff: **Hampshire**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Hampden**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney: Suzanne Garrow
Heisler, Feldman & McCormick, P.C.
1145 Main Street, Suite 508
Springfield, MA 01103

Attorneys (If Known):

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS — PERSONAL INJURY (cont.)**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- [X] 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Americans with Disabilities Act

Brief description of cause:
Failure to accommodate, wrongful termination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ unknown (lost wages, benefits, emotional distress, punitives)

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 4/21/2005

SIGNATURE OF ATTORNEY OF RECORD: [signature]

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)

    Susan Routhier v. The Providence Hospital et al.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

    ___   I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    _x_  II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases

    ___  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

    ___  IV.   220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

    ___  V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

    YES ☐    NO **X**

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

    YES ☐    NO **X**

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

    YES ☐    NO **X**

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

    YES ☐    NO **X**

7. Do **all** of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

    YES **X**    NO ☐

    A.  If yes, in which division do all of the non-governmental parties reside?

        Eastern Division ☐       Central Division ☐       Western Division **X**

    B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

        Eastern Division ☐       Central Division ☐       Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

    YES ☐    NO ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME      Suzanne Garrow

ADDRESS              Heisler, Feldman & McCormick, 1145 Main Street, Suite 508, Springfield, MA 01103

_TELEPHONE NO.       413-788-7988

                                                           Respectfully submitted,

Dated: April 22, 2005

                                                        _____
                                                        Suzanne Garrow
                                                        BBO# 636548
                                                        Heisler, Feldman & McCormick, P.C.
                                                        1145 Main Street, Suite 508
                                                        Springfield, MA 01103
                                                        sgarrow@comcast.net
                                                        (413) 788-7988