UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUSAN ROUTHIER, | : |
| Plaintiff, | : |
| v. | : DOCKET NO. 05-30095-KPN |
| THE PROVIDENCE HOSPITAL and MERCY MEDICAL CTR. D/B/A PROVIDENCE BEHAVIORAL HEALTH HOSP. | : |
| Defendant. | : |

**AMENDED COMPLAINT AND DEMAND FOR A JURY TRIAL**

**INTRODUCTION**

1. Plaintiff Susan Routhier brings this action for equitable relief and compensatory and punitive damages against the defendants under the Americans with Disabilities Act and Massachusetts General Law 151B for acts of discrimination against her on the basis of her disability.

2. The defendants wrongfully refused to engage in good faith in an interactive process with Ms. Routhier regarding her request for reasonable accommodations in the terms and conditions of her employment, failed to provide Ms. Routhier with reasonable accommodations in the terms and conditions of her employment due to her disability, and discharged Ms. Routhier from her employment with the defendants.

3. Ms. Routhier seeks declaratory and equitable relief designed to assure that the defendants discontinue practices which discriminate against employees with qualifying disabilities.

4. Ms. Routhier also seeks compensation for the grave harm she suffered as a result of the discriminatory actions and omissions of the defendants.

## JURISDICTION and VENUE

5. This suit is brought and jurisdiction lies pursuant to the Americans With Disabilities Act, 42 U.S.C. §§ 12212, as well as 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 28 U.S.C. §§ 2201 and 2202.

6. All conditions precedent to jurisdiction under 42 U.S.C. § 12212, have occurred or been complied with:

    a. A charge of discrimination on the basis of Ms. Routhier's qualifying disability was timely filed with the Massachusetts Commission Against Discrimination ("MCAD") and the Equal Employment Opportunity Commission ("EEOC").

    b. A notification of right to sue was received by Ms. Routhier from the EEOC.

    c. The complaint has been filed within 90 days of receipt of the right to sue notification from the EEOC.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3) insofar as all the discriminatory employment practices alleged in this complaint were committed within the County of Hampden in the Commonwealth of Massachusetts, the plaintiff resides in the County of Hampshire in the Commonwealth of Massachusetts, defendants are Massachusetts corporations and each of the defendants conduct business and have substantial business contacts in the Commonwealth of Massachusetts.

## PARTIES

8. Plaintiff Susan Routhier is a female citizen of the United States and the Commonwealth of Massachusetts who resides in Amherst, Massachusetts.

9. Defendants are Massachusetts corporations with a principal place of business in Holyoke, Massachusetts.

10. Defendants are engaged in an industry affecting commerce and each employ 15 or more employees, and are "employers" within the meaning of 42 U.S.C. § 12111(5).

## STATEMENT OF FACTS

11. At all times relevant to this Complaint, Ms. Routhier suffered from sleep apnea, a chronic sleep disorder in which a person regularly stops breathing during sleep for 10 seconds or longer.

12. Sleep apnea can cause the oxygen in one's blood to drop and may lead to other health problems, and, at all times relevant to this Complaint, Ms. Routhier's sleep apnea substantially limited one or more of her major life activities.

13. Ms. Routhier was diagnosed with sleep apnea around April 2003, and was under the care of a physician, and with the guidance and medical supervision of her physician she was able to manage a full-time work schedule, notwithstanding her disability.

14. Ms. Routhier began work for defendants as a mental health counselor on or around April 12, 2000.

15. At the time that she was terminated from her position with the defendants she was working 40 hours per week, earning $12.98 per hour and received benefits.

16. Ms. Routhier was a qualified mental health counselor who performed well in her position for three and a half years and was able to perform the essential functions of her position.

17. When she was first diagnosed with sleep apnea Ms. Routhier made her supervisor aware of her qualifying disability which supervisor accepted the existence and severity of her disability.

18. On or around the beginning of September of 2003, Ms. Routhier got a new supervisor.

19. After which time, on or around September 19, 2003, Ms. Routhier was suspended by her employer for an incident relating to her sleep apnea.

20. Ms. Routhier again told her employer of her disability and informed them that she had scheduled a "sleep study" for November 11, 2003, the doctor's first available date for such study.

21. On October 30, 2003, Ms. Routhier was terminated from her employment.

22. Ms. Routhier was told that she was terminated for the September 19, 2003 incident and for lateness and absenteeism, including some incidents that occurred over a year prior.

23. These reasons were a pretext.

24. Other similarly situated non-disabled employees engaged in the same conduct for which Ms. Routhier was terminated and were not disciplined or terminated as a result.

25. Ms Routhier requested a number of reasonable accommodations for her sleep apnea including, but not limited to, reinstatement through her union's grievance process.

26. She was not reinstated, nor was she granted any other reasonable accommodation to allow her to continue to perform the essential functions of hr job and the failure and refusal such reasonable accommodation which would have enabled her to continue in her employment constitutes illegal discrimination on the basis of disability, in violation of M.G.L. c. 151B, § 4(16), and the Americans with Disabilities Act, 42 U.S.C. §12112.

27. Ms. Routhier was also treated differently than other similarly situated employees without a qualifying disability.

28. It would not have imposed an undue hardship on defendants to accommodate Ms. Routhier's sleep apnea.

29. Allowing Ms. Routhier to stay in her position would not have imposed an undue hardship on the operation of the business of the defendants.

30. At all times relevant to this Complaint, Ms. Routhier was fully able to perform the essential functions of her job with a reasonable accommodation from defendants.

31. At all times relevant to this Complaint, the defendants failed and refused to engage in good faith in an interactive process with Ms. Routhier in order to determine an appropriate reasonable accommodation.

32. By their actions and omissions, as set forth above, defendants discharged Ms. Routhier from her position based upon her disability.

33. The discriminatory actions and omissions of the defendants were undertaken with reckless indifference to the federally protected rights of Ms. Routhier under the Americans with Disabilities Act and her rights under M.G.L. c. 151B.

## FIRST CLAIM FOR RELIEF:
## DISCRIMINATION BASED ON DISABILITY
## IN VIOLATION OF 42 U.S.C. § 12112

34. Plaintiff Ms. Routhier repeats the allegations set forth in paragraphs 1 through 33 above, and incorporates those allegations as if fully set forth herein.

35. The actions and omissions of the defendants constitute unlawful discrimination against Ms. Routhier on the basis of her disability, in violation of the Americans with Disabilities Act, 42 U.S.C. §12112.

36. The discriminatory actions and omissions of the defendants have caused, continue to cause and will cause Ms. Routhier to suffer substantial damages for lost wages and income, the loss of employment benefits, and other pecuniary losses, as well as mental anguish and humiliation, emotional distress, the loss of enjoyment of life, and other nonpecuniary losses.

## FIRST CLAIM FOR RELIEF:
## DISCRIMINATION BASED ON DISABILITY
## IN VIOLATION OF M.G.L. c. 151B

37. Plaintiff Ms. Routhier repeats the allegations set forth in paragraphs 1 through 36 above, and incorporates those allegations as if fully set forth herein.

38. The actions and omissions of the defendants constitute unlawful discrimination against Ms. Routhier on the basis of her disability, in violation of M.G.L. c. 151B.

39. The discriminatory actions and omissions of the defendants have caused, continue to cause and will cause Ms. Routhier to suffer substantial damages for lost wages and income, the loss of employment benefits, and other pecuniary losses, as well as mental anguish and humiliation, emotional distress, the loss of enjoyment of life, and other nonpecuniary losses.

## PRAYER FOR RELIEF

Plaintiff Susan Routhier prays the Court to grant her the following relief:

1. That the plaintiff be awarded appropriate injunctive relief designed to ensure that the defendants discontinue their discriminatory practices.

2. That the plaintiff be awarded compensatory damages in an amount to be determined at trial in this matter, plus appropriate interest on any such award.

3. That the plaintiff be awarded punitive damages in an amount to be determined at trial in this matter.

4. That the plaintiff be awarded reasonable attorney's fees, together with litigation expenses and costs of suit.

5. That the plaintiff be awarded such other relief as the Court deems just and proper.

## DEMAND FOR JURY

Plaintiff Susan Routhier demands trial by jury on all triable issues.

                    Respectfully submitted,

Dated:  July 18, 2005

                    _____
                    Suzanne Garrow
                    BBO# 636548
                    Heisler, Feldman & McCormick, P.C.
                    1145 Main Street, Suite 508
                    Springfield, MA 01103
                    sgarrow@comcast.net
                    (413) 788-7988

Respectfully submitted,

Dated: July 18, 2005

/s/ Suzanne Garrow

Suzanne Garrow
BBO# 636548
Heisler, Feldman & McCormick, P.C.
1145 Main Street, Suite 508
Springfield, MA 01103
sgarrow@comcast.net
(413) 788-7988