UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUSAN ROUTHIER, ) | CIVIL NO. 05-30095KPN |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| V. ) | **MEMORANDUM OF LAW IN** |
| ) | **SUPPORT OF DEFENDANT SISTERS** |
| THE PROVIDENCE HOSPITAL and ) | **OF PROVIDENCE HEALTH SYSTEMS'** |
| MERCY MEDICAL CENTER d/b/a ) | **MOTION FOR A MORE DEFINITE** |
| PROVIDENCE BEHAVIORAL HEALTH ) | **STATEMENT** |
| HOSPITAL, ) | |
| ) | |
| DEFENDANTS. ) | |

The defendant, Sisters of Providence Health System, submits this memorandum of law in support of its motion, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure for a More Definite statement as to Paragraphs 17-22.

## INTRODUCTION

According to the Plaintiff's First Amended Complaint ("Complaint"), Ms. Routhier was hired as a as a mental health counselor for Defendants Providence Hospital and Mercy Medical Center d/b/a/ Providence Behavioral Health Hosp. ("Defendants") on or about April 12, 2002.[1] (Compl. ¶ 14). During this period of time she alleges she was suffering from sleep apnea which was not diagnosed until April of 2003. (Compl. ¶¶ 11-13). In addition, she alleges that she was terminated on October 30, 2003 because of her alleged disability. (Compl. ¶21). According to her Complaint, this termination was in violation of the 42 U.S.C. §12112 and M.G.L. c. 151B. (Complaint, Counts 1&2). To support her claim of unlawful discrimination, she does not name the alleged supervisory personnel to whom she spoke, but merely alleges that when she was first

---

[1] Various factual allegations contained in the Complaint are referenced herein for purposes of this Motion only. The Defendants however reserve the right to deny and contest all allegations of the Complaint.

diagnosed with sleep apnea she made the existence of it known to her "supervisor" and that her "supervisor accepted the existence and severity of her disability". (Compl. ¶17). She later argues that in September of 2003 she "got a new supervisor" and "was suspended by her employer for an incident related to her sleep apnea." (Compl. ¶¶18-19). She states that she "again told her employer of her disability and informed them that she had scheduled a 'sleep study' for November 11, 2003". (Compl. ¶20). However she claims that despite notifying her employer of the sleep apnea and requesting accommodations, the Defendants failed to engage in the "interactive process" and "pretext[ually]" terminated her for "lateness and absenteeism." (Compl. ¶¶22-33).

## ARGUMENT

**I.     The Rule 12(E) Standard**

Rule 12(e) provides in pertinent part that, "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Use of such a motion is proper even where a complaint evidences all the necessary elements of a claim. Acciavatti v. Prof'l Services Group, Inc., 982 F. Supp. 69, 77-78 (D. Mass. 1997). As with motions pursuant to Rule 12(b)(6), a more definite statement should be required where pleadings simply rely on blanket assertions. Remco v. Distrib. Inc. v. Oreck Corp., 814 F. Supp. 171, 174 (D. Mass. 1992). Where the defendant cannot respond, even with a simple denial, in good faith or without prejudice to itself a 12(e) motion should be allowed. Villalobos v. N.C. Growers Ass'n, 200 U.S. Dist. LEXIS 22449 (D.P.R. January 10, 2000) (citing 5A Charles Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE ¶1376 at 577-78).

2

II.     **A More Definite Statement Should Be Allowed Because Paragraphs 17 Through 22 Of The Plaintiff's Complaint Fail To Identify The Identity Of The Supervisors She Claims Had Knowledge Of Her Alleged Disability And Accommodation Requests**

As explained in the facts of this Memorandum, Plaintiff alleged in Paragraphs 17 through 22 of her Complaint that during her period of employment with the Defendants, she made two "supervisors" aware of her sleep apnea and that, as such, the Defendants were aware of her alleged disability. (Compl. ¶¶17-22). The alleged knowledge that she provided these unnamed "supervisors" forms the basis for her allegations that the Defendants failed to engage in the interactive process and terminated her because of her disability in violation of the ADA, 42 U.S.C. §42 U.S.C. §12112, and M.G.L. c. 151B. (Compl. ¶¶17-22, Counts 1 & 2). Defendants argue, as set forth below, that the vague and ambiguous reference to "supervisors" in her Complaint prohibits the Defendants from making a good faith and/or unprejudicial response to the allegations and, accordingly, the Plaintiff should provide a more definite statement which would allow the defendant room to frame a responsive pleading.

Specifically, the Defendants comprise a large organization which employs thousands of individuals. As is true with many non-profit hospitals of its size, the Defendants experience large turnover and employees may have more than one supervisor at any one time. By referring only to her "supervisor" in the Complaint, the Defendants are prohibited from making a responsive pleading that is not prejudicial because it does not have the information necessary to make an adequate investigation to determine if knowledge of the alleged statements to supervisors is actually known within the Defendants' organization before filing its answer. The Defendants would be prejudiced by a simple denial because if it were later determined that the statements were made to one of the many individuals with supervisory authority over the Plaintiff, a statement to the contrary would have been made under oath. Conversely, a statement

that the Defendant lacks knowledge would be prejudicial if it were later determined that, in fact, the information was in the possession of the Defendants.

Finally, this is not a situation where the Plaintiff has alleged information sufficient to frame a responsive pleading and the Defendants merely seek information that is more appropriately available through the discovery process.  <u>Walling v. Bay State Dredging & Contracting Co.</u>, 3 F.R.D. 241, 242 (1942).  Rather, this is information which is necessary for the Defendants to possess in order to provide a good faith answer to the Plaintiffs' Complaint and it is information which will expedite, rather than delay, this litigation.

## **CONCLUSION**

For all the foregoing reasons, the Plaintiff respectfully requests this Honorable Court to order the Plaintiff to submit a more definite statement regarding the identities of the "supervisors" noted in Paragraphs 17 through 22 of the Complaint pursuant to Rule 12(e) that would enable the Defendants to frame a responsive pleading to the Complaint.

Respectfully submitted,

THE PROVIDENCE AND MERCY
MEDICAL CENTER D/B/A
PROVIDENCE BEHAVIORAL HEALTH
HOSPITAL

By its attorney

/s/ Meghan B. Sullivan
Meghan B. Sullivan, Esq.
BBO No.: 635265
SULLIVAN, HAYES & QUINN
One Monarch Place – Suite 1200
Springfield, MA 01144-1200
Tel. (413) 736-4538
Fax (413) 731-8206
E-mail: lawoffice@sullivanandhayes.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of September 2005, I electronically filed the Memorandum of Law in Support of Defendant Sisters of Providence Health Systems' Motion for a More Definite Statement with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following registered participant:

Suzanne Garrow, Esq.
Heisler, Feldman & McCormick, P.C.
1145 Main Street, Suite 508
Springfield, MA 01103
sgarrow@comcast.net
jfeldman@crocker.com

/s/ Meghan B. Sullivan
Meghan B. Sullivan, Esq.