UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUSAN ROUTHIER, : | |
| Plaintiff, : | |
| v. : | DOCKET NO. 05-30095-KPN |
| THE PROVIDENCE HOSPITAL and : | |
| MERCY MEDICAL CTR. D/B/A : | |
| PROVIDENCE BEHAVIORAL HEALTH : | |
| HOSP. : | |
| Defendant. : | |

**OPPOSITION TO MOTION FOR MORE DEFINITE STATEMENT**

The plaintiff respectfully submits this Opposition to the Defendants' Motion for a More Definite Statement.

**Facts and Procedural Posture**

Plaintiff Susan Routhier, a former mental health counselor who worked for defendants, brings an action against the defendants under the Americans with Disabilities Act and Massachusetts General Law 151B for acts of discrimination against her on the basis of her disability, sleep apnea a chronic sleep disorder in which a person regularly stops breathing during sleep for 10 seconds or longer. Ms. Routhier alleges that the defendants discriminated against her and wrongfully refused to engage in good faith in an interactive process with her regarding her request for reasonable accommodations, failed to provide Ms. Routhier with reasonable accommodations due to her disability, and discriminated against her when they discharged her from her employment with the defendants.

The defendants object to paragraphs 17-22 in Ms. Routhier's Amended Complaint alleging that she failed to name certain supervisors and thus move for a more definite statement. In paragraph 17, Ms. Routhier alleges that she "made her supervisor aware of her qualifying disability which supervisor accepted the existence and severity of her disability." In paragraph 18 she alleges that she "got a new supervisor". In the remaining paragraphs challenged by the defendants she alleges various illegal actions and omissions by her employer. (See paragraphs 19-22 in Plaintiff's Amended Complaint ('Am. Comp.").) For the reasons set forth below, the defendants' Motion for a More Definite Statement should be denied.

**Argument**

No more definite statement is required here. The Federal Rules of Civil Procedure provide for a motion for a more definite statement where a complaint is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive answer." Fed.R.Civ.P. 12(e). When a pleading lacks allegations that provide sufficient notice a more definite statement under Rule 12(e) may be appropriate. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002). There is nothing ambiguous or vague about the plaintiff's averments and discovery can and should commence to allow the parties to develop their claims or defenses.

The notice pleading standard is very liberal. A defendant is entitled to "a short and plain statement of the claim" made by the plaintiff "that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 48(1957). This "'notice pleading' is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues." Id. It is also settled that there is no

heightened pleading requirement for civil rights cases.  <u>Educadores Puertoriquenos en Accion v. Hernandez</u>, 367 F.3d 61, 66-67 (1st Cir. 2004).

Ms. Routhier has provided more information in her complaint than is required by the Federal Rules of Civil Procedure.  As to the paragraphs challenged by the defendants she identified that: **her supervisor** was aware of her disability, (Am. Comp. para. 17), and that after that time **she** was assigned to a **new supervisor**. (Id. para. 18.)  The remaining allegations challenged by the defendants allege that various actions and omissions by **Ms. Routhier's employer** were discriminatory and illegal.  It is disingenuous for defendants to claim that they know neither Ms. Routhier's supervisors nor the identity of her employer at the various times alleged in the Amended Complaint.  Ms. Routhier plainly alleges in her Amended Complaint discrimination by the defendants by and through their agents.  The defendants provide no reason why they cannot admit or deny the allegations set forth by Ms. Routhier which relates to individuals and entities then in their control.

**Conclusion**

For the foregoing reasons the plaintiff requests the Motion for More Definite Statement be denied and that the case be set for a scheduling conference at the Court's earliest convenience to allow the case to proceed without further delay.

                                                  Respectfully submitted,
                                                  SUSAN ROUTHIER
                                                  By her attorney,

Dated:  October 19, 2005

                                                  _____/s/ Suzanne Garrow_____
                                                  BBO# 636548
                                                  Heisler, Feldman & McCormick, P.C.
                                                  1145 Main Street, Suite 508
                                                  Springfield, MA 01103
                                                  sgarrow@comcast.net
                                                  (413) 788-7988

                                          CERTIFICATE OF SERVICE

    I hereby certify that a true and accurate copy of the foregoing document was served upon the attorney of record for the Defendant by electronic mail on this date.

Dated: October 19, 2005                  /s/ Suzanne Garrow
                                             Suzanne Garrow